**Dated: August 20, 2018**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GAYLAND GRANT WARD, | ) | Case No. 18-11141-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| OKLAHOMA HERITAGE BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 18-01056 |
| | ) | |
| GAYLAND GRANT WARD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART, AND DENYING IN PART, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, WITH BRIEF IN SUPPORT, AND NOTICE OF OPPORTUNITY FOR HEARING [DOC. 7]**

The following are before the Court for consideration:

1. Complaint Objecting to Dischargeability of Debt [Doc. 1] (the "Complaint"), filed by plaintiff Oklahoma Heritage Bank on July 2, 2018;

2. Motion to Dismiss for Failure to State a Claim, with Brief in Support, and Notice of Opportunity for Hearing [Doc. 7] (the "Motion to Dismiss"), filed by debtor and defendant Gayland Grant Ward on August 1, 2018; and

3. Plaintiff Oklahoma Heritage Bank's Objection to Motion to Dismiss for Failure to State a Claim with Brief in Support [Doc. 8] (the "Response"), filed on August 15, 2018.

## BACKGROUND

Debtor and defendant Gayland Grant Ward ("Ward") is a former long-term employee of plaintiff Oklahoma Heritage Bank ("Bank"). From March 2006 to May 2015, Ward served as President and Chief Executive Officer of Bank. After his employment ended, Bank uncovered questionable loan practices by Ward during his tenure as an officer and, in January 2016, filed suit against him in state court. Ward filed his chapter 7 bankruptcy petition in March 2018, which stayed the state court litigation. Bank then filed this adversary proceeding seeking a determination that debts owed by Ward as a result of his misconduct are nondischargeable.

In its Complaint, Bank sets forth two causes of action regarding nondischargeability of debts. First, Bank argues Ward's debts are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A)[1] based on false representations and fraud. Second, Bank argues Ward's debts are excepted from discharge pursuant to Section 523(a)(4) as a result of Ward's defalcation in a fiduciary capacity. Ward filed his Motion to Dismiss, arguing Bank's Complaint fails to state a claim under either Section 523(a)(2)(A) or Section 523(a)(4), and Bank filed its Response. The Court has reviewed the Complaint, Motion to Dismiss, Response, and applicable law, and for the reasons set forth below, GRANTS the Motion to Dismiss IN PART AND DENIES IT IN PART.

---

[1]Unless otherwise indicated, hereafter all references to sections are to the Bankruptcy Code, Title 11 of the United States Code.

**JURISDICTION**

The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.  Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I).  The parties consent to entry of judgment by this Court.

**STANDARDS GOVERNING RULE 12(b)(6) MOTIONS TO DISMISS**

A plaintiff must frame a complaint with enough factual matter to suggest that he or she is entitled to relief.  Fed. R. Civ. P. 8.; Fed. R. Bankr. P. 7008; Robbins v. Okla. ex rel. Okla. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008).  If it appears a plaintiff has not met this requirement, a defendant may file a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") (made applicable here by Federal Rule of Bankruptcy Procedure 7012).  In Bell Atlantic Corp. v. Twombly, the Supreme Court ruled that a complaint "does not need detailed factual allegations," but it must contain "enough facts to state a claim to relief that is *plausible* on its face." 550 U.S. 544-45, 570 (2007) (emphasis added).  Thus, in Twombly, the Supreme Court formulated a "plausibility standard" for evaluating whether a complaint survives a Rule 12(b)(6) motion to dismiss.

The Tenth Circuit has described the Supreme Court's plausibility standard as a middle ground that lies somewhere between "heightened fact pleading" and "formulaic recitation of the elements of a cause of action."  Robbins, 519 F.3d at 1247.  In other words, the "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  Robbins, 519 F.3 at 1247.  See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged."); Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (complaint must give the court reason to believe that plaintiff has a reasonable likelihood of mustering factual support for claims raised). "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Robbins, 519 F.3d at 1248. The Tenth Circuit has further instructed that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context," and that whether a defendant receives fair notice "depends on the type of case." Robbins, 519 F.3d at 1248.

    The conception of plausibility established in Twombly "refer[s] to the scope of the allegations in a complaint" rather than the likelihood that such allegations are true. Robbins, 519 F.3d at 1247. Therefore, in ruling on the Ward's Motion to Dismiss, this Court construes the Complaint in the light most favorable to Bank, taking as true all factual allegations and making all reasonable inferences in Bank's favor that can be drawn from the pleadings. Casanova v. Ulibarri, 595 F.3d 1120, 1124 (10th Cir. 2010); Barenburg v. Burton (In re Burton), 463 B.R. 142 (table), 2010 WL 3422584, at *3 (10th Cir. BAP Aug. 31, 2010) (unpub.). However, while factual assertions are taken as true for purposes of a motion to dismiss, legal conclusions are not. Iqbal, 556 U.S. at 678 (2009) ("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**BANK'S COMPLAINT STATES A CLAIM UNDER SECTION 523(a)(2)(A)**

Under Section 523(a)(2)(A), debts may be excepted from discharge if they are for money, property, services, or an extension, renewal, or refinancing of credit obtained by a debtor's "false pretenses, false representations, or actual fraud (other than a statement respecting the debtor's or an insider's financial condition)."  Most Section 523(a)(2)(A) adversary proceedings brought to except debts on account of a debtor's fraud involve misrepresentations.  See McClellan v. Cantrell, 217 F.3d 890, 892-93 (7th Cir. 2000).  Therefore, in the Tenth Circuit, courts have repeatedly held that, to prevail on a claim under Section 523(a)(2)(A), a creditor must prove the following elements:  1) the debtor made a false representation; 2) the debtor made the representation with the intent to deceive the creditor; 3) the creditor relied on the representation; 4) the creditor's reliance was justifiable; and 5) the debtor's representation caused the creditor to sustain a loss.  Johnson v. Riebesell (In re Riebesell), 586 F.3d 782, 789 (10th Cir. 2009); Fowler Bros. v. Young (In re Young), 91 F.3d 1367, 1373 (10th Cir. 1996); Cooper v. Lemke (In re Lemke), 423 B.R. 917, 921-22 (10th Cir. BAP 2010).

However, Section 523(a)(2)(A) also covers actual fraud notwithstanding lack of a false representation.  In Husky Int'l Electric, Inc. v. Ritz, the Supreme Court held that "[t]he term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent transfer schemes, that can be effected without a false representation."  Husky, 135 S.Ct. 1581, 1586 (2016). Courts have determined that "[i]n order to except a debt from discharge on the basis of actual fraud, a creditor must establish that (1) a fraud occurred, (2) the debtor intended to defraud, and (3) the fraud created the debt that is the subject of the dispute."  Fifth Third Mortg. Co. v.

Kaufman, 2017 WL 4021230, *14 (N.D. Ill. July 25, 2017) (quoting Sullivan v. Glenn (In re Glenn), 502 B.R. 516, 531 (Bankr. N.D. Ill. 2013)).

In his Motion to Dismiss, Ward first argues Bank's claims are time-barred by the applicable non-bankruptcy statute of limitations. Citing Okla. Stat. 12, § 95(A)(3), Ward alleges the claims are untimely because Bank's state court lawsuit filed in January 2016 seeks losses sustained more than two years earlier. Bank agrees that the two-year period of limitations is correct, but disagrees as to the time its cause of action against Ward accrued. Bank correctly points out that, with respect to fraud claims, the two-year period does not begin to run from the time the losses occur, but instead from the time when the fraud is, or should have been, discovered. Horton v. Hamilton, 345 P.3d 357, 363 (Okla. 2015). According to Bank, Ward intentionally concealed and/or failed to disclose his activities, knowledge, and the resulting losses from Bank, and as a result, Bank was not, and could not have been, aware of the conduct and resulting damages until mid-2015 when Ward was no longer an employee.

The statute of limitations is an affirmative defense upon which Ward, as defendant, has the burden of proof. Sherran v. Bakken (In re Bakken), 112 B.R. 37, 38 (Bankr. N.D. Okla. 1990); Moneypenney v. Dawson, 141 P.3d 549, 552 (Okla. 2006). A motion to dismiss raising a statute of limitations bar should not be granted unless "the dates given in the complaint make clear that the right sued upon has been extinguished." Radloff-Francis v. Wyoming Med. Ctr., Inc., 524 F. App'x 411, 413 (10th Cir. 2013) (unpublished) (quoting Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)). See also Moneypenney, 141 P.3d at 552 (motion to dismiss as time-barred should be granted only if the face of the complaint shows beyond doubt that the action is time-barred). The Court concludes Ward has not demonstrated

that Bank's causes of action are clearly time-barred, and therefore, cannot dismiss the Complaint on that basis.

In his Motion to Dismiss, Ward also argues that Bank's allegations do not fit "squarely within the meaning of 11 U.S.C. § 523(a)(2)(A), concerning 'money, property, services obtained by'" by false representations or fraud because "it is not alleged that Ward obtained anything from the losses described, with the possible exception of risk-based compensation (bonuses) for himself." Alternatively, Ward argues that the Complaint is not pled with sufficient particularity, as it relates to the dates of the claimed losses. Neither of these arguments have merit.

The Court agrees Bank's losses allegedly suffered as a result of Ward's misconduct are not the usual Section 523(a)(2)(A) factual scenario. However, the Supreme Court has ruled that "§ 523(a)(2)(A) is best read to prohibit the discharge of *any liability arising* from a debtor's fraudulent acquisition of money, property, etc." Cohen v. de la Cruz, 523 U.S. 213, 220-21 (1998). In this case, Ward obtained risk-based compensation bonuses through fraudulent loan practices that also caused the Bank other financial losses. These losses fall within the Supreme Court's pronouncement that *any liability arising* from the debtor's fraudulent acquisition of money is nondischargeable under Section 523(a)(2)(A). Further, the Court disagrees that Bank has not pled dates of claimed losses with sufficient particularity. The Complaint clearly states that the misconduct goes back to at least 2004, and quantifies the Bank's losses by describing in detail at least ten separate loans made between January 30, 2004, and November 4, 2014.

Ward's arguments that Bank has not stated a claim for nondischargeability of debts under Section 523(a)(2)(A) fail, and therefore, his Motion to Dismiss is DENIED as to Count 1 of the Complaint.

**BANK'S COMPLAINT DOES NOT STATE A CLAIM UNDER SECTION 523(a)(4)**

Pursuant to Section 523(a)(4), a debtor's discharge does not apply to debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." To state a claim under Section 523(a)(4) for fraud while acting in a fiduciary capacity, "a plaintiff must allege that: (1) a fiduciary relationship existed between the debtor and the creditor, and (2) the debt owed to the creditor is attributable to a fraud or defalcation committed by the debtor in the course of the fiduciary relationship." Burton, 463 B.R. 142 (table), 2010 WL 3422584, at *5 (10th Cir. BAP Aug. 31, 2010) (unpub.).

Federal law determines the existence of a fiduciary relationship for purposes of Section 523(a)(4); however, state law is relevant to the inquiry. Fowler Bros. v. Young (In re Young), 91 F.3d 1367, 1371 (10th Cir. 1996). This exception to discharge is a narrow one, and in the Tenth Circuit, an express or technical trust is required for a fiduciary relationship, and neither a general fiduciary duty of confidence, trust, loyalty, and good faith, nor an inequality between the parties, will give rise to a claim under Section 523(a)(4). Fowler Bros., 91 F.3d at 1371-72. Additionally, the trust creating the fiduciary capacity must have been expressly established or imposed prior to the alleged tortious action that created the debt. Fowler Bros., 91 F.3d at 1372.

In his Motion to Dismiss, Ward argues Bank's Complaint does not state a claim under Section 523(a)(4) because the general fiduciary relationship between Bank and Ward is insufficient, and Bank has not alleged the existence of the required express or technical trust. Bank responds Ward ignores that, by virtue of Section 523(e), an officer of an insured depository institution is considered a fiduciary for purposes of Section 523(a)(4). Section 523(e) provides that "[a]ny institution-affiliated party of an insured depository institution shall be considered to

be acting in a fiduciary capacity with respect to the purposes of subsection (a)(4) or (11)." Further, Section 101(33)(A) adopts the definition of "institution-affiliated party" contained in the Federal Deposit Insurance Act, which defines an "institution-affiliated party" as: "(1) any director, officer, employee, or controlling stockholder (other than a bank holding company or savings and loan holding company) of, or agent for, an insured depository institution." 12 U.S.C. § 1813(u). In turn, the term "insured depository institution" is defined as "any bank or savings association the deposits of which are insured by the [FDIC] pursuant to this chapter." 12 U.S.C. § 1813(c)(2). Therefore, Bank argues that because its deposits are insured by the FDIC, Bank constitutes an insured depository institution, and Ward, as its officer and employee, is considered to be institution-affiliated party. As such, he falls within Section 523(e), and is therefore a fiduciary for purposes of Section 523(a)(4).

Based on Bank's Response, it appears that Ward *may be* a fiduciary for purposes of Section 523(a)(4) by virtue of Section 523(e). However, Bank's Complaint makes no mention of Section 523(e), nor does it allege the critical fact that Bank's deposits are insured by the FDIC. Further, a plaintiff cannot amend a complaint by adding factual allegations in its response to a motion to dismiss. Abdulina v. Eberl's Temp. Servs., Inc., 79 F.Supp.3d 1201, 1206 (D. Colo. 2015) (citing Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995)); MVT Servs., LLC v. Cardenal Express, S.A. de C.V., 2015 WL 13050027, *2 (D. N.M. 2015) (quoting In re Sanofi-Aventis Sec. Litig., 771 F.Supp.2d 549, 562 (S.D. N.Y. 2011) ("'It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.'")). Accordingly, we agree with Ward that Bank's Complaint fails to state a claim for nondischargeability of debts

pursuant to Section 523(a)(4). Therefore, Count 2 of Bank's Complaint is hereby DISMISSED, but without prejudice, and with leave to amend.

## CONCLUSION

Ward's Motion to Dismiss for failure to state a claim is GRANTED with respect to Bank's claim of nondischargeability of debts pursuant to Section 523(a)(4), but with leave to amend the Complaint within twenty (20) days of the date this Order is entered, and DENIED in all other respects.

IT IS SO ORDERED.

# # #